[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-10727
Non-Argument Calendar
_____

D.C. Docket No. 4:17-cr-00099-WTM-GRS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTHONY WILLIAMS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(January 11, 2019)

Before ED CARNES, Chief Judge, BRANCH, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Anthony Williams appeals the 188-month sentence that he received after pleading guilty to possession with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), and (b)(1)(C).  He contends that his 188-month sentence, which is at the bottom of the guidelines range, is substantively unreasonable.

I.

In December 2016 law enforcement officers pulled Williams over after learning of an active felony warrant for his arrest.  The officers arrested him, patted him down, and found about $2,000 of cash and nearly ten rocks of crack cocaine.  The officers also searched the car, where they found baggies of cocaine and more rocks of crack cocaine.  Williams was released on bond, but a few months later he was caught selling crack cocaine to a confidential informant.  A federal grand jury indicted Williams on one count of possession with intent to distribute cocaine and cocaine base.  He pleaded guilty to that count under a written plea agreement.

Williams' presentence investigation report recommended a base offense level of 24 and a criminal history category of IV.  See United States Sentencing Guidelines § 2D1.1(a)(5) (Nov. 2016).  The PSR designated Williams a career offender under § 4B1.1 of the guidelines due to a 2005 Georgia conviction for possession with intent to distribute cocaine and a 2005 Georgia conviction for sale of cocaine.  Based on that designation, Williams' offense level became 34 and his

2

criminal history category became VI.  See id. § 4B1.1(b).  After a three-level reduction for acceptance of responsibility, see id. § 3E1.1, the PSR recommended a total offense level of 31, which yielded an advisory guidelines range of 188 to 235 months in prison.  The statutory maximum was 480 months in prison.  21 U.S.C. § 841(b)(1)(B).

At the sentence hearing Williams acknowledged that the PSR correctly designated him a career offender and did not object to his guidelines range.  But he requested a variance down from that range on the ground, among others, that his two predicate convictions involved only a "minute amount" of drugs.  The district court found that "a shallow argument" considering "the totality of [Williams'] criminal record," which included "at least 13 criminal convictions from the age of 20 until the age of 39."  Still, the court found "that [a] sentence at the bottom of the guidelines range [was] sufficient but no greater than necessary" in light of the purposes set forth in 18 U.S.C. § 3553(a).  So, after considering the § 3553(a) factors, it sentenced Williams to 188 months in prison.

## II.

We review the reasonableness of a district court's sentencing decision only for an abuse of discretion, United States v. Irey, 612 F.3d 1160, 1188–89 (11th Cir. 2010) (en banc), and we use a two-step process to do so, United States v. Shaw, 560 F.3d 1230, 1237 (11th Cir. 2009).  We first make sure that the district court

did not commit a significant procedural error, like "failing to calculate (or improperly calculating) the Guidelines range." Id. (quoting Gall v. United States, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007)). If we conclude that the sentence is procedurally reasonable, we then determine whether it is substantively reasonable. Id. "Our substantive reasonableness review is guided by the [§ 3553(a)] factors," which include "the nature and circumstances of the offense" and "the history and characteristics of the defendant." United States v. White, 663 F.3d 1207, 1217 (11th Cir. 2011) (citing 18 U.S.C. § 3553(a)(1)).

"Because of its institutional advantage in making sentence determinations, a district court has considerable discretion in deciding whether the § 3553(a) factors justify a variance and the extent of one that is appropriate." Shaw, 560 F.3d at 1238 (quotation marks omitted). And we must give that "decision due deference." Id. (quotation marks omitted). We will vacate a sentence as substantively unreasonable "if, but only if, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors." Irey, 612 F.3d at 1190 (quotation marks omitted).

### III.

Williams does not contend that his sentence is procedurally unreasonable. He agrees that the court's guidelines calculation was correct and so do we. Williams' only contention is that his sentence is substantively unreasonable. He

argues that the district court disregarded what he says are certain mitigating factors — the "small amount of drugs" that his prior convictions involved, for instance — when it denied his request for a downward variance. We disagree.

As an initial matter, Williams' 188-month sentence is far below the statutory maximum sentence of 480 months. See 21 U.S.C. § 841(b)(1)(B). And his sentence is at the bottom of the advisory guidelines range. Both facts suggest the substantive reasonableness of his sentence. See United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008).

What confirms it is the district court's comprehensive analysis of the § 3553(a) factors. The court pointed to Williams' characteristics by noting his "long record of both drug and alcohol abuse." See 18 U.S.C. § 3553(a)(1). The court described, at length, his "extensive criminal history," starting with "two criminal convictions . . . when he was 20 years of age." It noted that this case involves Williams' "third conviction of a controlled substance offense." See id. And the record shows that the court considered — and rejected — Williams' argument that the amount of drugs that his predicate convictions involved somehow warranted a downward variance. ("[I]t seems to be a shallow argument to say, well, the Court should look differently on Mr. Williams because there was an insignificant amount of drugs involved in . . . the two drug offenses.") All told, we are not "left with the definite and firm conviction that" Williams' bottom-of-

5

the-guidelines sentence is substantively unreasonable.  <u>Irey</u>, 612 F.3d at 1190 (quotation marks omitted).

**AFFIRMED.**